UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLIFFORD DARNELL PASSMORE,<br>    *Plaintiff,*<br>v.<br><br>AMAZON.COM SALES, INC.,<br>    *Defendant.* | Case No. 3:23-CV-933 (OAW) |

## RULING COMPELLING ARBITRATION

This case is before the court upon Defendant's[1] motion to compel arbitration (with its supporting memorandum, "Motion"). ECF No. 11–12. The court has reviewed the Motion, Plaintiff's opposition thereto, ECF No. 21, Defendant's reply, ECF No. 24, Plaintiff's sur-reply,[2] ECF No. 33, and the record in this matter. The court is fully apprised of the premises. For the reasons stated herein, the Motion is **GRANTED.**

This case arises from Plaintiff's use of Defendant's Kindle Direct Publishing ("KDP") program to self-publish a book entitled *Healthy Hair.* Plaintiff originally brought this action in Superior Court for the State of Connecticut, alleging that Defendant had failed to pay the agreed-upon royalties for each book sold. The complaint is at times difficult to follow, but the court understands Plaintiff to be making claims of breach of contract and theft by conversion. Defendant properly removed the case to federal court, and now asks the court to stay this action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, and to compel Plaintiff to resolve this dispute through arbitration.

---

[1] Plaintiff erroneously identified the defendant as "Amazon.com Sales Inc." but Amazon.com Services LLC apparently is the appropriate party. In this ruling, "Defendant" and "Amazon" will refer to Amazon.com Services LLC.

[2] Although Plaintiff did not seek leave to file a sur-reply, the court reviewed that submission nonetheless, given that she is self-represented. The court notes, though, that none of the argument made therein altered the conclusions in this ruling.

1

The FAA requires courts to enforce a valid arbitration agreement with very few exceptions. The statute "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original); *see also Mitsubishi Motors v. Soler Chrysler–Plymouth*, 473 U.S. 614, 628 (1985) ("Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue."). Rather, "where the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [a court] may rule on the basis of that legal issue and 'avoid the need for further court proceedings.'" *Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 172 (2d Cir.2011) (quoting *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 176 (2d Cir.2003)).

A court confronted with a request to compel arbitration must determine "whether the parties agreed to arbitrate, and, if so, whether the scope of that agreement encompasses the asserted claims." *Progressive Casualty Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*, 991 F.2d 42, 45 (2d Cir.1993) (quoting *David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.*, 923 F.2d 245, 249 (2d Cir.), *cert. dismissed*, 501 U.S. 1267 (1991) (internal quotation marks omitted). In so doing, the court should review all relevant, admissible evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). It is the burden of the moving party to show that there was an agreement to arbitrate, *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101 (2d Cir. 2022), but once

the existence of a such an agreement is shown, it is the burden of the party opposing arbitration to show that the agreement is inapplicable or invalid, *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 124 (2d Cir. 2010).

Generally, once a court has concluded that a particular claim is arbitrable, it must then stay proceedings pending completion of arbitration. 9 U.S.C. § 3. Here, though, Defendant asserts that the inquiry is halved. According to Amazon, Plaintiff agreed that the threshold issue of arbitrability itself is committed to arbitration. The Supreme Court of the United States has held that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010). Ergo, in this case, if the court finds that Plaintiff did agree to arbitrate even the question of whether her claim is arbitrable, then the court is bound to grant all the relief Amazon seeks.

Plaintiff denies ever entering into an agreement with Defendant to arbitrate. But it is undisputed that Plaintiff self-published *Healthy Hair* through KDP, and Defendant argues that the process to publish through KDP necessarily requires users to agree to certain terms and conditions, the arbitration clause included.

Defendant lays out the complete process Plaintiff followed to publish *Healthy Hair* in 2017.[3] First, in May 2017, Plaintiff created a KDP account on the KDP registration page. The second page in the registration process displays the KDP terms and conditions, which the user must accept by clicking an "Agree" button. A user cannot create a KDP account without clicking the "Agree" button. In 2017, those terms included

---

[3] The following is taken from the "Statement of Facts" section of the Motion. *See* ECF No. 12 at 8–11.

3

a clause stating that "[a]ny dispute or claim relating in any way to this [a]greement or KDP will be resolved by binding arbitration, rather than in court."  The terms further stated that arbitration would be held before the American Arbitration Association ("AAA"), and they incorporate by reference the AAA rules.  Those AAA rules give the arbitrator the authority to determine his or her own jurisdiction, that is to say, the threshold issue of arbitrability.

After creating her account, Plaintiff published the book in August 2017.  When a user uploads a book using KDP, they are shown a message that says, "By clicking publish I confirm that I agree to and am in compliance with the KDP Terms and Conditions."  The user must click the "publish" button to proceed, and a book cannot be published without doing so.  Plaintiff actually clicked this button twice, once to publish an electronic version of her book, and once to publish a paperback version.  Thus, she twice more accepted the KDP terms and conditions, including the arbitration clause and the AAA rules.

The KDP terms and conditions have been updated periodically, but Plaintiff agreed when she first created her account that continued use of KDP would constitute acceptance of any changes to those terms.  And, according to Defendant, there have been no substantive changes to the arbitration provision since Plaintiff first agreed to it.[4]  Consequently, Defendant asserts that there does exist an agreement to arbitrate.

Plaintiff's sole opposition is based upon her conclusory argument that she never agreed to the arbitration clause.  Her only support for this argument is that no one from Amazon ever contacted her directly to get her assent to arbitration.  But, as laid out above, direct personal contact is not necessary to create a binding contract.  Plaintiff does not dispute that she created her KDP account and published her book through its usage.  Nor

---

[4] Plaintiff apparently created a second account in 2023, but she never published any books under this account and thus it is not relevant to this discussion.

does she dispute that she employed the process Defendant described, thereby entering into an agreement with Defendant.

It is well-settled in both Washington[5] and Connecticut (the two jurisdictions that might be relevant here) that these so-called "clickwrap" agreements are enforceable. *See, e.g. Grant v. T-Mobile USA, Inc.*, No. 2:23-CV-01946-MJP, 2024 WL 3510937, at *5 (W.D. Wash. July 23, 2024) (finding a clickwrap agreement enforceable where the website displayed the terms in a reasonably conspicuous manner and the user expressly manifested assent to those terms); *Edmundson v. City of Bridgeport Bd. of Educ.*, No. CV196083811S, 2019 WL 5066951 (Conn. Super. Ct. Sept. 18, 2019) (enforcing a clickwrap agreement where the interface at issue was reasonably designed to allow a user to see and understand all terms and conditions, and where the user was required to affirmatively show assent through clicking a button). Here, the terms and conditions were displayed clearly in their own pop-up box, and Plaintiff was thrice required to affirmatively accept those terms by clicking a button. Thus, Amazon's clickwrap agreement is enforceable under either Washington or Connecticut law.

Moreover, though, Plaintiff concedes that she "signed" with Amazon, and she alleges that Amazon "agreed" to pay her for sales of her book, and she references the royalty rate set forth in the same agreement that contains the arbitration clause. ECF No. 21 at 1. Indeed, the contract that she alleges Defendant breached is the same one that demands arbitration. To find that she did not agree to arbitrate would be to call into question the very basis for her complaint. Thus, the court finds that Defendant has carried its burden of showing the formation of an agreement to arbitrate, and that Plaintiff has

---

[5] The agreement between Amazon and Plaintiff specifies that Washington law shall govern the agreement.

failed to show that the "making of the arbitration agreement or the failure, neglect, or refusal to perform the same [are] in issue . . . ." 9 U.S.C.A. § 4.

Moreover, the court agrees with Defendant that the inquiry ends here. Because the agreement authorizes the arbitrator to determine whether a particular dispute must be arbitrated or not, the court need not analyze the scope of the arbitration clause.

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The Motion to Compel Arbitration (ECF No. 11) is **GRANTED.**
    a. The parties are instructed to bring this dispute to arbitration in accordance with the agreed-upon KDP terms and conditions.
    b. The Clerk of Court is asked, respectfully, to please stay this action pending resolution by arbitration.
2. All other pending motions[6] hereby are **DENIED as moot.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 25th day of September, 2024.

                                              _/s/_
                                       OMAR A. WILLIAMS
                                       UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff has filed a Motion for Discovery, ECF No. 22; a motion asking to participate in electronic filing, ECF No. 23; a Motion for Order of Compliance, ECF No. 31; a motion seeking a hearing, ECF No. 34; and a Motion for Immediate Court Intervention, ECF No. 35; all of which currently are pending and, in accordance with this order, hereby are denied as moot.